IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION AT SPRINGFIELD

| | | |
|---|---|---|
| TERRI BARKER, | : | Complaint |
| JEFFREY DONAHUE | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | 05 - 30033 - KPN |
| | : | |
| HARRY E. COHN & ASSOC. OF FL LLC | : | |
| d/b/a THE LAW CENTER | : | **FILING FEE PAID:** |
| HARRY E. COHN, | : | RECEIPT # _305834_ |
| SCOTT M. MILLER, | : | AMOUNT $ _150.00_ <br> BY DPTY CLK _____ |
| JOHN DOE a/k/a "MR. CORTEZ" | : | DATE _2/2/05_ |
| Defendants | : | Demand for Jury Trial |

## Jurisdiction

1. Jurisdiction of this Court attains pursuant to the Fair Debt Collection Practices Act ("FDCPA"), section 1692k(d), and the law of supplemental jurisdiction.

## Parties

### Terri Barker and Jeffrey Donahue

2. Terri Barker and Jeffrey Donahue reside in Chicopee in Hampden County, Massachusetts

3. Ms. Barker and Mr. Donahue are "consumers" as defined by FDCPA section 1692a(3).

### Harry E. Cohn & Assoc. of FL LLC d/b/a The Law Center

4. Defendant Harry E. Cohn & Assoc. of FL LLC, doing business as The Law Center ("TLC"), is a Florida limited liability corporation with its principal place of business located in

page 1

Longwood, Florida.

5. Defendant TLC is in the business of debt collection.

6. Defendant TLC regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others.

7. Defendant TLC is a "debt collector" as defined by FDCPA section 1692a(6).

8. Defendant TLC is engaged in "trade" and "commerce" as defined by Massachusetts Consumer Protection Act, M.G.L. s. 93A:1(b) ("Chapter 93A").

9. Defendant TLC is not licensed with Massachusetts Division of Banks.

10. Defendant TLC is not registered with the Massachusetts Secretary of State.

11. Defendant TLC has not registered its trade name with the City of Chicopee.

12. At all times during their collection activities concerning Ms. Barker's alleged debts, Defendant TLC's employees were acting under the supervision and direction of Defendant TLC.

13. Defendant TLC is liable under the doctrine of *respondeat superior* for the collection activities of its employees.

<u>Harry E. Cohn</u>
14. Defendant Harry E. Cohn is an owner and operator of Defendant TLC.

15. Defendant Cohn is not licensed to practice law in Massachusetts.

16. Defendant Cohn is in the business of debt collection.

17. Defendant Cohn regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others.

18. Defendant Cohn is a "debt collector" as defined by FDCPA section 1692a(6).

19. Defendant Cohn is engaged in "trade" and "commerce" as defined by MCPA section 93A:1(b).

20. Defendant Cohn knew of, ratified, participated in, and approved of the acts and practices of Defendant TLC and its employees.

21. Defendant Cohn is directly liable for the collection acts and practices outlined below.

22. At all times during their collection activities concerning Ms. Barker's alleged debts, Defendant Cohn's employees were acting under the supervision and direction of Defendant Cohn.

23. Defendant Cohn is also indirectly liable under the doctrine of *respondeat superior* for the collection activities of his employees.

<u>Scott M. Miller</u>
24. Defendant Scott M. Miller is an owner and operator of Defendant TLC.

25. Defendant Miller is not licensed to practice law in Massachusetts.

26. Defendant Miller is in the business of debt collection.

27. Defendant Miller regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others.

28. Defendant Miller is a "debt collector" as defined by FDCPA section 1692a(6).

29. Defendant Miller is engaged in "trade" and "commerce" as defined by MCPA section 93A:1(b).

30. Defendant Miller knew of, ratified, participated in, and approved of the acts and practices of Defendant TLC and its employees.

31. Defendant Miller is directly liable for the collection acts and practices outlined below.

32. At all times during their collection activities concerning Ms. Barker's alleged debts, Defendant Miller's employees were acting under the supervision and direction of Defendant Miller.

33. Defendant Miller is also indirectly liable under the doctrine of *respondeat superior* for the collection activities of his employees.

John Doe a/k/a "Mr. Cortez"
34. Defendant John Doe, also known as "Mr. Cortez", is an employee of Defendants TLC, Cohn, and Miller.

35. Defendant Doe is in the business of debt collection.

36. Defendant Doe regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others.

37. Defendant Doe is a "debt collector" as defined by FDCPA section 1692a(6).

38. Defendant Doe is engaged in "trade" and "commerce" as defined by MCPA section 93A:1(b).

Facts and Allegations

39. Ms. Barker allegedly owes a debt to First American Holdings, which allegedly purchased the debt from First USA Bank.

40. This alleged debt was for personal, family, and household purposes.

41. The alleged debt was paid off in full in 2001.

42. On August 31, 2004, in an attempt to collect on the alleged debt, Defendants left a message on Ms. Barker's answering machine.

43. Defendants are not licensed with the Massachusetts Division of Banks as required by M.G.L. ch. 93 ss. 24-28 and 209 C.M.R. ss. 18.03-18.04, violating Chapter 93A:2.

44. Defendants' unlicensed pursuit of business in Massachusetts potentially carries criminal penalties. See M.G.L. ch. 93 s. 28.

45. Ms. Barker called Defendants back immediately and talked with Defendant Doe.

46. Defendant Doe identified himself as "Mr. Cortez".

47. Ms. Barker stated that she did not recognize or remember the alleged debt.

48. Defendants threatened to take Ms. Barker to court, costing her court fees and lawyer expenses.

49. The alleged owner of the alleged debt, First American Holdings, is not registered with the Massachusetts Secretary of State.

50. First American Holdings could not legally sue Ms. Barker.

51. Defendants could not legally sue Ms. Barker.

52. Defendants had no intention of suing Ms. Barker.

53. Defendants' misrepresentations concerning litigation violate FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

54. With Ms. Barker's permission, Mr. Donahue got on the phone.

55. After some discussion as to whether the bill was paid off in full in 2001, Defendant Cortez stated that he "calls people like you all the time."

56. When asked to clarify his statement, Defendants stated, "people who do not pay their bills... I've heard every excuse there is!"

57. Defendants closed the conversation by again threatening litigation.

58. Defendants' misrepresentations concerning litigation violate FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

59. Defendants' statements concerning "you people" and assertions that Mr. Donahue's dispute was an excuse to avoid payment are calculated to abuse, harass, and oppress, violating FDCPA section 1692d, 209 C.M.R. s. 18.15, and Chapter 93A.

60. Defendants left messages on Ms. Barker's answering machine on September 8 & 10.

61. On September 14, 2004, Defendants, by way of Defendant Doe, left this message on Ms. Barker's answering machine:
"It is imperative I speak to Terri Barker. I have been put back on this case, and I need to speak to you immediately. If I do not hear from you in seven days, I will proceed with court actions against you in the Hampden Courts. It is imperative you call me at 1-800-519-6058 extension 504, case number 91011. This message is being electronically taped."

62. Defendants' misrepresentations concerning litigation violate FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

63. Defendants' message, requiring a call back within seven days, gives a false sense of urgency, violating FDCPA section 1692e(10), 209 C.M.R. s. 18.16(10), and Chapter 93A:2.

64. Defendants' message, which was heard by Mr. Donahue, violates FDCPA section 1692c, 209 C.M.R. s. 18.14(2), Chapter 93A:2.

65. On September 21, 2004, Defendants, by way of Defendant Doe, left this message on Ms. Barker's answering machine:
> "This concerns Terri Barker. Mrs. Barker this is Mr. Cortez with The Law Center, Harry Cohn and Associates. It is imperative that I hear back from you within forty eight hours pending a case in Hampden County clerk's office, case number 91011. My phone number is 1-800-519-6058, at extension 544."

66. Defendants' message misrepresents that there is "a case" pending against Ms. Barker, violating FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

67. Defendants' message, requiring a call back within forty eight hours, gives a false sense of urgency, violating FDCPA section 1692e(10), 209 C.M.R. s. 18.16(10), and Chapter 93A:2.

68. Defendants' message, which was heard by Mr. Donahue, violates FDCPA section 1692c, 209 C.M.R. s. 18.14(2), Chapter 93A:2.

69. On September 28, 2004, Defendants, by way of Defendant Doe, left this message on Ms. Barker's **stepfather's** answering machine:

"Ronald, sorry to bother you this afternoon. Trying to reach Debbie Barker, 95 Narragansett Boulevard. Please tell her to call back the attorney's office. Number 800-519-6058 extension 504, in reference to a complaint, complaint number 91011 that's been filed in Hampden County clerk's office. If you could, ah... give her... ask her to give me a call back or if you could call me back, that would be fine too. Ronald, appreciate the urgency of this matter. Thank you for helping me out. The number is 800-519-6058 extension 504, case number 91011. Thank you Ronald. Have a good day."

70. Defendants obviously had Ms. Barker's telephone number.

71. Since Defendants sent a letter to Ms. Barker on September 15 (attached), Defendants had Ms. Barker's address.

72. Defendants' communication violates FDCPA sections 1692b(2), 1692b(6), 1692c(b), 1692d & 1692f, 209 C.M.R. ss. 18.13(2), 18.13(6), 18.14(2), 18.15 & 18.16, and Chapter 93A:2.

73. Defendants' message misrepresents that there is "a case" pending against Ms. Barker, violating FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

74. On September 27, 2004, Ms. Barker sent letters to First American Holdings and Defendants disputing the alleged debt and requesting validation.

75. Defendants received the dispute letter on September 30.

76. True and accurate copies of the letter and the certified mail receipts are attached.

page 9

77. Defendants did not validate the alleged debt within five business days, violating 209 C.M.R. s. 18.18(3) and Chapter 93A:2.

78. On October 29, 2004, Defendants, by way of Defendant Doe, left this message on Ms. Barker's answering machine:

> "Terri Barker, this is Mr. Cortez with the attorney's office, calling in regards to a, um... the letter you sent back to us about the charges. Can you please give me a call back at 800-519-6058 extension 504. This letter was not accurate [sic] of what you want, what you need. I'm not quite understanding; are you trying to dispute the debt or just the balance on it, because a lot of the balance on it is what interest is posted on the account. Give me a call back. I'll ask you to go over the details and give you what the settlement offer is from the attorney. I just want to negotiate a settlement with you to get this case resolved and closed. Give me a call back at 800-519-6058 extension 504. Refer to case number 91011. Have a good day."

79. According to caller-id, Defendants also called on November 19, 2004, but did not leave a message.

80. Defendants' continued attempts to collect after Ms. Barker's written dispute and request for validation violates FDCPA sections 1692g & 1692e(10), 209 C.M.R. s. 18.18, and Chapter 93A:2.

81. Defendants' message, which was heard by Mr. Donahue, violates FDCPA section 1692c, 209 C.M.R. s. 18.14(2), Chapter 93A:2.

82. As a consequence of Defendants' illegal collection

activities and communications, Ms. Barker and Mr. Donahue have suffered loss of self esteem and peace of mind, and have suffered emotional distress, humiliation and embarrassment.

### Count I
### FDCPA

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The acts and omissions of Defendants constitute violations of the FDCPA.

85. Defendants' violations are frequent, persistent, and intentional.

86. Pursuant to the federal Declaratory Relief Act and FDCPA section 1692k, Plaintiffs are entitled to actual damages, to declaratory relief, and to a maximum of $1000 statutory damages, as well as reasonable attorney's fees and costs.

### Count II
### Chapter 93A

87. The previous paragraphs are incorporated into this Count as if set forth in full.

88. The acts and omissions of Defendants constitute violations of the MCPA.

89. On December 30, 2004, Defendants were sent a demand letter pursuant to the requirements of Section 93A:9.

90. A true and accurate copy of the demand letter is attached.

91. Defendants have not responded to the demand letter.

92. Pursuant to Section 93A:9, Plaintiffs are entitled to actual damages, to declaratory relief, to an injunction prohibiting Defendants from the acts and practices that violate state and federal law, and treble damages, as well as reasonable attorney's fees and costs.

## Count III
### Negligent Infliction of Severe Emotional Distress

93. The previous paragraphs are incorporated into this Count as if set forth in full.

94. Defendants' actions constitute negligent infliction of severe emotional distress.

95. Plaintiffs are entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count IV
### Intentional Infliction of Severe Emotional Distress

96. The previous paragraphs are incorporated into this Count as if set forth in full.

97. Defendants' actions constitute intentional infliction of severe emotional distress.

98. Plaintiffs are entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count V
### Negligence

99. The previous paragraphs are incorporated into this Count as if set forth in full.

100. Defendants had duties imposed by statute and common law.

101. Defendants breached these duties, proximately and directly causing damage to Plaintiffs.

102. Plaintiffs are entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

<u>Count VI</u>
<u>Invasion of Privacy</u>

103. The previous paragraphs are incorporated into this Count as if set forth in full.

104. Defendants' actions constitute common law invasion of privacy.

105. Plaintiffs are entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

<u>Prayer</u>

**WHEREFORE,** Plaintiffs pray that the Court grants the following:

1. Actual damages.
2. Treble actual damages.
3. Statutory damages under state and federal law.
4. A declaration under state and federal law concerning the illegality of Defendants' acts and practices.
5. An injunction prohibiting Defendants from violating state and federal law.
6. Reasonable attorney's fees and costs.
7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

4460 Corporation Lane, #306
Virginia Beach VA 23462
ADDRESS SERVICE REQUESTED

Main Office
407 Wekiva Springs
Suite 245
Longwood, FL 32779

**THE
LAW CENTER**
A FL Limited Liability Company

Harry E. Cohn *
Scott M. Miller **
Phone: (8 0) 519-6058
Fax: (41 7) 714-0748

Harry E. Cohn & Asso. of FL, LLC, DBA

09/15/2004

91011 - AG10 - 008984
Terri Barker
95 Narragansett Blvd
Chicopee MA 01013-2122

Original Creditor: FIRST USA BANK
Current Creditor: First American Holdings
ID: 4417122718109896
File #: 91011
Balance: $11,920.42

AMNYT0G149158 )20 80

ID:    4417122718109896
File #:   91011

Original Creditor: FIRST USA BANK
Current Creditor: First American Holdings

Balance: $11,920.42

Dear Terri Barker:

    This is a demand for payment of the original debt incurred by you. The debt identified above was sold by FIRST USA BANK, all of your rights and obligations regarding this contract have been placed with this office.

    Your past due contract is currently being reviewed. You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of $11,920.42 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.

    You may contact this office toll free at 1-800-519-6058, Monday through Saturday 8:00am-9:00pm EST **Please refer to the file number indicated above.**

    Federal law requires we notify you this in an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

    If you would like to discuss the way your account has been serviced, you may contact our Compliance department toll free at (800) 519-6044.

    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

The Law Center

* Licensed in Virginia
* Not a member of the FL Bar

** Licensed in Florida and Illinois

To: The Law Center (A FL Limited Liability Co.)
        Main office
        407 Wekiva Springs
        Suite 245
        Longwood FL 32779
Attention: Mr. Cortes

Sent: September 27 2004
ID: 441112271810989c
File: 91011

        I TERRI BACKER Dispute this
claim from the current CREDITOR First
American Holdings for the balance of
$ 11,920 ⁴² (eleven thousand nine hundred
twenty dollars and 42 cents).
        I would like in writting the
validation of the debit, how you
arrived at this amount, and to produce
documintation with my signature on
it from the orginal creditor.
        This letter will also be sent to
First American holdings of Virginia Beach
Virginia.
                        Thank you

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery  9/30/04 |
| 1. Article Addressed to:<br><br>THE LAW CENTER<br>MAIN OFFICE<br>407 WEKIVA SPRINGS<br>SUITE 245<br>Longwood FL<br>32779 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*     ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 1160 0006 2287 6215 |

PS Form 3811, August 2001       Domestic Return Receipt                     102595-02-M-1540

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

Longwood, FL 32779

| | | |
|---|---|---|
| Postage | $  0.37 | UNIT ID: 0020 |
| Certified Fee | 2.30 | Postmark<br>Here |
| Return Reciept Fee<br>(Endorsement Required) | 1.75 | |
| Restricted Delivery Fee<br>(Endorsement Required) | | Clerk: KJC9FG |
| Total Postage & Fees | $  4.42 | 09/27/04 |

Sent To
THE LAW CENTER MAIN OFFICE
Street, Apt. No.;
or PO Box No. 407 WEKIVA SPRINGS SUITE 245
City, State, ZIP+4
Longwood FL 32779

PS Form 3800, June 2002            See Reverse for Instructions

7004 1160 0006 2287 6215

**Jason David Fregeau**
**Attorney at Law**
47 Lincoln Road
Longmeadow, MA 01106
Tel. 413-567-2461
Fax 413-567-2932
*Also admitted in Ohio*

December 30, 2004

<u>By Certified U.S. Mail</u>

Ari Brupbacher,
Registered Agent
Harry E. Cohn & Assoc. of FL LLC
    d/b/a The Law Center
151 Sabal Palm Drive
Longwood, FL 32779

Re: <u>Barker v. Harry E. Cohn & Assoc. of FL LLC, et al.</u>

Dear Mr. Brupbacher:

   I represent Terri Barker and Jeff Donahue for all their
alleged debts. All communications in regard to Ms. Barker's and
Mr. Donahue's debts -- current or future -- are to come to me.
Defendants' communications with Ms. Barker and Mr. Donahue
contain violations of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. ss. 1692a-1692o, the Massachusetts Consumer
Protection Act, M.G.L. ch. 93A, various sections of the
Massachusetts Code of Regulations, and the common law.

   On August 31, 2004, in an attempt to collect on an alleged
debt, Defendants left a message on Ms. Barker's answering
machine. Pursuant to M.G.L. ch. 93 ss. 24-28 and 209 C.M.R. ss.
18.03-18.04, Defendants are not licensed with the Massachusetts
Division of Banks, violating Chapter 93A:2. Note that
Defendants' unlicensed pursuit of business in Massachusetts
potentially carries criminal penalties. <u>See</u> M.G.L. ch. 93 s. 28.

   Ms. Barker called Defendants back immediately, stating that
she did not recognize or remember the alleged debt. During the
conversation, Defendants threatened to take Ms. Barker to court,
costing her court fees and lawyer expenses. Defendants'
misrepresentations concerning litigation violate FDCPA sections

Ari Brupbacher,
Registered Agent
December 30, 2004
page 2


1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss.
18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and Chapter 93A:2.

   With Ms. Barker's permission, Mr. Donahue got on the phone.
After some discussion as to whether the bill was paid off in
2001, Defendant Cortez stated that he "calls people like you all
the time." When asked to clarify his statement, Defendants
stated, "people who do not pay their bills... I've heard every
excuse there is!" Defendants closed the conversation by again
threatening litigation. Defendants' misrepresentations
concerning litigation violate FDCPA sections 1692d, 1692e(2),
1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2),
18.16(5), 18.16(10) & 18.17, and Chapter 93A:2. Defendants'
statements concerning "you people" and assertions that Mr.
Donahue's dispute was a mere excuse to avoid payment are
calculated to abuse, harass, and oppress, violating FDCPA
section 1692d, 209 C.M.R. s. 18.15, and Chapter 93A.

   On September 8, 2004, Defendants left messages on Ms. Barker's
answering machine on September 8 & 10. On September 14, 2004,
Defendants left this message on Ms. Barker's answering machine:
     "It is imperative I speak to Terri Barker. I have been put
     back on this case, and I need to speak to you immediately.
     If I do not hear from you in seven days, I will proceed
     with court actions against you in the Hampden Courts. It is
     imperative you call me at 1-800-519-6058 extension 504,
     case number 91011. This message is being electronically
     taped."
Defendants' misrepresentations concerning litigation violate
FDCPA sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209
C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and
Chapter 93A:2. Defendants' message, requiring a call back within
seven days, gives a false sense of urgency, violating FDCPA

Ari Brupbacher,
Registered Agent
December 30, 2004
page 3


section 1692e(10), 209 C.M.R. s. 18.16(10), and Chapter 93A:2.
Defendants' message, which was heard by Mr. Donahue, violates
FDCPA section 1692c, 209 C.M.R. s. 18.14(2), Chapter 93A:2.

On September 21, 2004, Defendants left this message on Ms.
Barker's answering machine:

> "This concerns Terri Barker. Mrs. Barker this is Mr. Cortez
> with The Law Center, Harry Cohn and Associates. It is
> imperative that I hear back from you within forty eight
> hours pending a case in Hampden County clerk's office, case
> number 91011. My phone number is 1-800-519-6058, at
> extension 544."

Defendants' message misrepresents that there is "a case" pending
against Ms. Barker, violating FDCPA sections 1692d, 1692e(2),
1692e(5), 1692e(10) & 1692f, 209 C.M.R. ss. 18.15, 18.16(2),
18.16(5), 18.16(10) & 18.17, and Chapter 93A:2. Defendants'
message, requiring a call back within forty eight hours, gives a
false sense of urgency, violating FDCPA section 1692e(10), 209
C.M.R. s. 18.16(10), and Chapter 93A:2. Defendants' message,
which was heard by Mr. Donahue, violates FDCPA section 1692c,
209 C.M.R. s. 18.14(2), Chapter 93A:2.

On September 28, 2004, Defendants left this message on Ms.
Barker's stepfather's answering machine:

> "Ronald, sorry to bother you this afternoon. Trying to
> reach Debbie Barker, 95 Narragansett Boulevard. Please tell
> her to call back the attorney's office. Number 800-519-6058
> extension 504, in reference to a complaint, complaint
> number 91011 that's been filed in Hampden County clerk's
> office. If you could, ah... give her... ask her to give me
> a call back or if you could call me back, that would be
> fine too. Ronald, appreciate the urgency of this matter.
> Thank you for helping me out. The number is 800-519-6058

Ari Brupbacher,
Registered Agent
December 30, 2004
page 4

> extension 504, case number 91011. Thank you Ronald. Have a
> good day."

Defendants' obviously had Ms. Barker's telephone number and,
since Defendants sent a letter to Ms. Barker on September 15,
Defendants had Ms. Barker's address. Defendants' communication
violates FDCPA sections 1692b(2), 1692b(6), 1692c(b), 1692d &
1692f, 209 C.M.R. ss. 18.13(2), 18.13(6), 18.14(2), 18.15 &
18.16, and Chapter 93A:2. Defendants' message misrepresents that
there is "a case" pending against Ms. Barker, violating FDCPA
sections 1692d, 1692e(2), 1692e(5), 1692e(10) & 1692f, 209
C.M.R. ss. 18.15, 18.16(2), 18.16(5), 18.16(10) & 18.17, and
Chapter 93A:2.

   On September 27, 2004, Ms. Barker sent letters to Defendants
disputing the alleged debt and requesting validation, which
Defendants received on September 30. <u>See attached</u> Certified Mail
Receipts; Certified Mail Return Receipts; Letters. Defendants
did not validate the alleged debt within five business days,
violating 209 C.M.R. s. 18.18(3) and Chapter 93A:2.

   On October 29, 2004, Defendants left this message on Ms.
Barker's answering machine:

> "Terri Barker, this is Mr. Cortez with the attorney's
> office, calling in regards to a, um... the letter you sent
> back to us about the charges. Can you please give me a call
> back at 800-519-6058 extension 504. This letter was not
> accurate [sic] of what you want, what you need. I'm not
> quite understanding; are you trying to dispute the debt or
> just the balance on it, because a lot of the balance on it
> is what interest is posted on the account. Give me a call
> back. I'll ask you to go over the details and give you what
> the settlement offer is from the attorney. I just want to
> negotiate a settlement with you to get this case resolved

Ari Brupbacher,
Registered Agent
December 30, 2004
page 5


    and closed. Give me a call back at 800-519-6058 extension
    504. Refer to case number 91011. Have a good day."
According to caller-id, Defendants also called on November 19,
2004, but did not leave a message. Defendants' continued attempt
to collect after Ms. Barker's written dispute and request for
validation violates FDCPA sections 1692g & 1692e(10), 209 C.M.R.
s. 18.18, and Chapter 93A:2. Defendants' message, which was
heard by Mr. Donahue, violates FDCPA section 1692c, 209 C.M.R.
s. 18.14(2), Chapter 93A:2.


   Chapter 93A explicitly provides for equitable relief, a claim
for which Mr. Donahue should be compensated. This letter is
meant to give Defendants the opportunity to resolve this matter
prior to litigation. Should Defendants desire a settlement,
please have them remit to me as trustee $50,000, plus $500 for a
confidentiality clause in the release (if desired), before
January 29, 2005. Otherwise, I have been instructed to file suit
against Defendants in federal district court in Springfield,
Massachusetts, on that date.


                              Sincerely,



                              Jason David Fregeau, Esq.

cc: Terri Barker
    Jeff Donahue
    L. Jed Berliner, Esq.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name*)  C. Date of Delivery  1-4-05 |
| 1. Article Addressed to:<br><br>A.i Brupbacher<br>Registered Agent<br>The law Center<br>151 Sabal Palm Dr.<br>Longwood FL 32779 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7003 2260 0001 2106 9511 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Terri Barker
Jeffery Donahue

## DEFENDANTS

Harry E Cohn & Assoc of FL LLC
Harry E Cohn
Scott M Miller
John Doe A/K/A "Mr. Cortez"

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jason David Fregeau Esq.
47 Lincoln Road
Longmeadow, MA 01106
413/567-2461

ATTORNEYS (IF KNOWN)

05 - 30033 - KPN

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. ss. 1692-1692o
during collection activities.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  2/1/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

I.   **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**_____

_____ Barker v. Harry E cole KAssoc of FL LLc _____

2.   **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**     05 - 30033 - KPN

____     I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✕     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

____     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

____     IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

____     V.     150, 152, 153.

3.   **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

_____

4.   **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**     YES ☐     NO ☒

5.   **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**     YES ☐     NO ☒
     **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**     YES ☐     NO ☒

6.   **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**     YES ☐     NO ☒

7.   **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**     YES ☐     NO ☒
     **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**     YES ☐     NO ☒

8.   **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**     YES ☒     NO ☐
     (a)     **IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?**_____ Western _____

9.   **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?**____ Western ____

10.  **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION;     YES ☐ NO ☒     OR WESTERN SECTION;     YES ☐     NO ☒**

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME**_____~~Jason David Fregeau Es .~~ _____
**ADDRESS**_____~~47 Lincoln Road~~_____
**TELEPHONE NO.**_____Longmeadow, MA 01106_____ 413/567 - 2461

(Categfrm.rev - 3/97)